Eric L. Wesenberg (SBN 139696)
EWesenberg@perkinscoie.com
Kenneth J. Halpern (SBN 187663)
KHalpern@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Christina J. McCullough (SBN 245944)
CMcCullough@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Defendant
Microsoft Corporation

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| TRISTRATA, INC., a California corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>MICROSOFT CORPORATION, a Washington corporation; and ADOBE SYSTEMS INCORPORATED, a Delaware corporation,<br><br>                    Defendants. | Case No. C-11-3797 JSW<br><br>**STIPULATED PROTECTIVE ORDER** |

1    Plaintiff TriStrata, Inc. ("TriStrata") and Defendants Microsoft Corp. and Adobe

2  Systems Inc. (collectively, "Defendants"), through counsel undersigned, hereby enter into this

3  Stipulated Protective Order in order to expedite the flow of discovery materials, to facilitate

4  the prompt resolution of disputes over confidentiality of discovery materials, to adequately

5  protect information the parties are entitled to keep confidential, to ensure that only materials

6  the parties are entitled to keep confidential are subject to such treatment, and to ensure that the

7  parties are permitted reasonably necessary uses of such materials in preparation for and in the

8  conduct of trial, pursuant to Fed. R. Civ. P. 26(c).

9  **1.      PURPOSES AND LIMITATIONS**

10    Disclosure and discovery activity in this action are likely to involve production of

11  confidential, proprietary, or private information for which special protection from public

12  disclosure and from use for any purpose other than prosecuting this litigation may be

13  warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the

14  following Stipulated Protective Order. The parties acknowledge that this Order does not confer

15  blanket protections on all disclosures or responses to discovery and that the protection it

16  affords from public disclosure and use extends only to the limited information or items that are

17  entitled to confidential treatment under the applicable legal principles. The parties further

18  acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not

19  entitle them to file confidential information under seal; Civil Local Rule 79-5 and General

20  Order 62 set forth the procedures that must be followed and the standards that will be applied

21  when a party seeks permission from the court to file material under seal.

22  **2.      DEFINITIONS**

23    2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of

24  information or items under this Order.

25    2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is

26  generated, stored or maintained) or tangible things that qualify for protection under Federal

27  Rule of Civil Procedure 26(c).

28

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code (*i.e.*, computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler or other translator) and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another

Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.      SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal

Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.      DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

1   unnecessarily encumber or retard the case development process or to impose unnecessary

2   expenses and burdens on other parties) expose the Designating Party to sanctions.

3       If it comes to a Designating Party's attention that information or items that it

4   designated for protection do not qualify for protection at all or do not qualify for the level of

5   protection initially asserted, that Designating Party must promptly notify all other parties that

6   it is withdrawing the mistaken designation.

7       5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this

8   Order (*see*, *e.g.*, second paragraph of section 4.2(a) below), or as otherwise stipulated or

9   ordered, Disclosure or Discovery Material that qualifies for protection under this Order must

10  be clearly so designated before the material is disclosed or produced.

11      Designation in conformity with this Order requires:

12          (a)    <u>for information in documentary form</u> (*e.g.*, paper or electronic

13  documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that

14  the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

15  ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each

16  page that contains protected material.  If only a portion or portions of the material on a page

17  qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

18  (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the

19  level of protection being asserted.

20      A Party or Non-Party that makes original documents or materials available for

21  inspection need not designate them for protection until after the inspecting Party has indicated

22  which material it would like copied and produced.  During the inspection and before the

23  designation, all of the material made available for inspection shall be deemed "HIGHLY

24  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified

25  the documents it wants copied and produced, the Producing Party must determine which

26  documents, or portions thereof, qualify for protection under this Order.  Then, before

27  producing the specified documents, the Producing Party must affix the appropriate legend

28  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

"HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 14 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 14 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 14 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating

Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4     Right to Seek Additional Protections. This Order is entered without prejudice to the right of any Party to seek additional protections from the Court as may be necessary under particular circumstances.

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 <u>Judicial Intervention</u>.

If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to

1  this provision must be accompanied by a competent declaration affirming that the movant has

2  complied with the meet and confer requirements imposed by the preceding paragraph.

3      The burden of persuasion in any such challenge proceeding shall be on the Designating

4  Party.  Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose

5  unnecessary expenses and burdens on other parties) may expose the Challenging Party to

6  sanctions.  Unless the Designating Party has waived the confidentiality designation by failing

7  to file a motion to retain confidentiality as described above, all parties shall continue to afford

8  the material in question the level of protection to which it is entitled under the Producing

9  Party's designation until the court rules on the challenge.

10  **7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

11      7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is

12  disclosed or produced by another Party or by a Non-Party in connection with this case only for

13  prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

14  disclosed only to the categories of persons and under the conditions described in this Order.

15  When the litigation has been terminated, a Receiving Party must comply with the provisions of

16  section 15 below (FINAL DISPOSITION).

17      Protected Material must be stored and maintained by a Receiving Party at a location

18  and in a secure manner that ensures that access is limited to the persons authorized under this

19  Order.

20      7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise

21  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

22  disclose any information or item designated "CONFIDENTIAL" only to:

23          (a)    the Receiving Party's Outside Counsel of Record in this action, as well

24  as employees of said Outside Counsel of Record to whom it is reasonably necessary to

25  disclose the information for this litigation and who have signed the "Acknowledgment and

26  Agreement to Be Bound" that is attached hereto as Exhibit A;

27          (b)    three (3) current officers, directors, or employees (including House

28  Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation,

following identification of such individual to each of the other parties and approval by the other parties, such approval not to be unreasonably delayed or withheld, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)   Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation (2)who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a), below, have been followed;

(d)   the court and its personnel;

(e)   court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information

7.3   <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)   the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

- 10 -

1        (b)       Designated House Counsel of the Receiving Party (1) who has no

2    involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary

3    for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound"

4    (Exhibit A), and (4) and the name of the Designated House Counsel has been provided in this

5    Order, in an Exhibit attached hereto, or has been otherwise agreed to by the Parties;

6        (c)       Experts of the Receiving Party (1) to whom disclosure is reasonably

7    necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be

8    Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a), below,

9    have been followed;

10        (d)       the court and its personnel;

11        (e)       court reporters and their staff, professional jury or trial consultants, and

12    Professional Vendors to whom disclosure is reasonably necessary for this litigation and who

13    have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

14        (f)       the author or recipient of a document containing the information or a

15    custodian or other person who otherwise possessed or knew the information

16        7.4     Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or

17    Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party,

18    a Receiving Party may disclose any information or item designated "HIGHLY

19    CONFIDENTIAL – SOURCE CODE" only to the following persons:

20        (a)       the Receiving Party's Outside Counsel of Record in this action as well

21    as employees of such Outside Counsel of Record to whom it is reasonably necessary to

22    disclose the information for this litigation and who have signed the "Acknowledgment and

23    Agreement to Be Bound" (Exhibit A);

24        (b)       Experts of the Receiving Party (1) to whom disclosure is reasonably

25    necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be

26    Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a), below,

27    have been followed; and

28        (c)       the court and its personnel.

1       7.5     Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL,"

2   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

3   CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

4        (a)     Unless otherwise ordered by the court or agreed to in writing by the

5   Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any

6   information or item that has been designated "CONFIDENTIAL," "HIGHLY

7   CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –

8   SOURCE CODE" pursuant to paragraphs 6.2(c), 6.3(c) and 6.4(b) first must make a written

9   request to the Designating Party that (1) identifies the general categories of

10   "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

11   "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks

12   permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and

13   state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4)

14   identifies the Expert's current employer(s), (5) identifies each person or entity from whom the

15   Expert has received compensation or funding for work in his or her areas of expertise or to

16   whom the expert has provided professional services, including in connection with a litigation,

17   at any time during the preceding 5 years, and (6) identifies (by name and number of the case,

18   filing date, and location of court) any litigation in connection with which the Expert has

19   offered expert testimony, including through a declaration, report, or testimony at a deposition

20   or trial, during the preceding five years. The Producing Party shall have seven (7) business

21   days after such notice is given (plus three (3) business days if notice is given other than by

22   hand delivery, e-mail transmission, or facsimile transmission) to object in writing.

23        (b)     A Party that makes a request and provides the information specified in

24   the preceding respective paragraphs shall not disclose the subject Protected Material to the

25   identified Expert until expiration of the 7 day notice period. Any such objection must set forth

26   in detail the grounds on which it is based.  If during the notice period the Producing Party

27   serves an objection upon the Receiving Party desiring to disclose Protected Material to the

28

Expert, there shall be no disclosure of Protected Material to such individual pending resolution of the objection.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days after the written objection is served (plus three (3) business days if the objection is served other than by hand delivery, e-mail transmission, or facsimile transmission) or to respond to the objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

## 8.     PROSECUTION BAR

Absent written consent from the Producing Party, notwithstanding any other provisions of this Protective Order, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to apparatus, systems, methods, or computer readable media relating to digital document securing functionality and techniques, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents

asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

**9.     SOURCE CODE**

(a)     To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code. Source code includes, but is not limited to, files in programming languages such as C++, Java, and Flash.  For the avoidance of doubt, the Producing Party may designate as source code "include" files, make files, link files, algorithms, pseudocode, and other human-readable files used in the generation, building or compiling of software or firmware.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" may be disclosed only to the individuals as set forth in Paragraphs 7.4 and 7.5.  The following additional restrictions shall apply to the inspection and production of HIGHLY CONFIDENTIAL - SOURCE CODE, unless otherwise advised by the Producing Party:

(c)     Any source code produced in discovery shall be made available for inspection, in electronic (*e.g.*, native) format at an office of the Producing Party's counsel. Microsoft shall produce source code for inspection in electronic (*e.g.*, native) format at the office of its counsel in Palo Alto, California.  Adobe shall produce source code for inspection in electronic (*e.g.*, native) format at the office of its counsel in Palo Alto, California.

1          (d)     Source code that is designated "HIGHLY CONFIDENTIAL –

2    SOURCE CODE" shall be produced for inspection and review subject to the following

3    provisions, unless otherwise agreed by the Producing Party:

4          (i)     The source code shall be made available for inspection on a

5    secured computer in a secured room without Internet access or network access to other

6    computers (the "Source Code Computer"), and the Receiving Party shall not copy, remove, or

7    otherwise transfer any portion of the source code onto any recordable media or recordable

8    device.  The Producing Party may visually monitor the activities of the Receiving Party's

9    representatives during any source code review, but only to ensure that there is no unauthorized

10    recording, copying, or transmission of the source code.

11          (ii)     The electronic source code shall be produced as it is kept in the

12    normal course of business, or as it would be collected in the normal course of business.  The

13    Receiving Party's outside counsel and/or Experts shall be entitled to take handwritten notes

14    relating to the source code.  Such notes may include excerpts of the source code, not exceeding

15    5 out of any 15 contiguous lines of code, when reasonably necessary to guide the note taker's

16    use of later-requested paper copies of the source code.  Otherwise, no copies of all or any

17    portion of the source code may leave the room in which the source code is inspected except as

18    otherwise provided in this Protective Order.  Further, no other written or electronic record of

19    the source code is permitted except as otherwise provided in this Protective Order.

20          (iii)    At the request of the Receiving Party, the Producing Party must

21    provide within seven (7) business days of such request, paper copies of reasonable portions of

22    the source code identified at the time of inspection by the Receiving Party.  The Producing

23    Party will provide the requested paper copies on watermarked or colored paper copies and

24    shall include Bates numbers and "HIGHLY CONFIDENTIAL – SOURCE CODE" labels

25    when printed.  The paper copies must be kept in a secured location at the offices of the

26    Receiving Party's Outside Counsel at all times.  No additional copies of such source code may

27    be made except the Receiving Party may make two (2) additional sets of printed source code

28    sections for internal use, not including copies attached to court filings or used at depositions.

The Receiving Party shall request printing of only such portions as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose.  The Receiving Party shall not request printing of source code in order to review blocks of source code elsewhere in the first instance, *i.e.*, as an alternative to reviewing that source code electronically on the Source Code Computer.

Such printouts are to be of minimum 10-point, fixed-width font, and shall not exceed sixty-five (65) lines of text per page.  Additionally, except as otherwise provided herein, the Receiving Party shall not request printing of any continuous block of "HIGHLY CONFIDENTIAL – SOURCE CODE" material that results in more than thirty-five (35) printed pages.  If the Receiving Party wishes to have printed more than 675 pages in aggregate per Producing Party during the case, the Receiving Party may request a meet and confer to discuss the printing of additional code.  Such options as destroying unnecessary existing printouts shall be discussed.  If no resolution can be reached that permits the Receiving Party to request printing of more than 675 pages per Producing Party, the Receiving Party shall be entitled to seek a Court resolution permitting additional printing or print requests.  The parties shall meet and confer on an appropriate briefing schedule for such motion practice.  If the Producing Party objects that the printed portions or portions requested to be printed are excessive and/or not reasonably necessary to any case preparation activity, the Producing Party shall make such objection known to the Receiving Party within five (5) business days.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution as to whether the printed source code in question is narrowly tailored and reasonably necessary to any case preparation activity as provided herein.  The Producing Party shall file a Motion for Protective Order within five (5) business days of the completion of the meet and confer process.  The Receiving Party shall file a response to the motion within five (5) business days.  The Producing Party must use its power to object reasonably and may not, for example, make an objection simply to introduce delay or attempt to discover privileged information.  In the absence of any objection, or upon resolution of any such dispute by the Court, the Producing

- 16 -

Party shall provide via overnight mail one copy set of such pages to counsel of record for the Receiving Party within five (5) business days.  The printed pages shall constitute part of the source code produced by the Producing Party in this action.  The Receiving Party shall maintain a log recording the identity of the outside counsel and/or Experts accessing the printed source code, the date of access, and the time the access began and ended.  The log shall be produced to the Producing Party upon request if the Producing Party has a justifiable belief that the printed source code has been improperly disclosed.  Except as provided in this Protective Order, no electronic copies of the electronic source code shall be made.

(iv)   The Receiving Party that wants to use any source code at a deposition may, no earlier than five (5) days prior to any such deposition, make only as many copies, and only of the specific pages, as the Receiving Party intends to actually use at the deposition.  Entire copies of a Producing Party's printed source code may not be used at the deposition.  For any source code used as a deposition exhibit, the Receiving Party shall have the deponent, on the record, sign his or her name to each page of the original exhibit.  The Receiving Party shall retain the original of any such exhibit, which shall not be appended to the transcript of the deposition, and shall provide a copy of the signed original exhibit to the Producing Party.  At the conclusion of the deposition, the Receiving Party will collect all other copies of the source code.  The entirety of the source code shall not be required to be made available at deposition, but only selected excerpts that are reasonable in length and that relate to the technical features that are at issue in the case.

(v)   Unless otherwise agreed in advance by the parties in writing, the Receiving Party's Outside Counsel and/or Experts shall remove all notes, documents, and all other materials from the source code viewing room that may contain work product and/or attorney-client privileged information at the end of each day. Materials inadvertently left in the source code viewing room do not operate as a waiver of the attorney work product doctrine or any other applicable privilege and shall be returned to the owner promptly.  The Producing Party shall not be responsible for any items left in the source code viewing room.

(vi)     Other than as provided herein, the Receiving Party will not copy, remove, transcribe, or otherwise transfer any source code from the Source Code Computer including, without limitation, copying, removing, or transferring the source code onto any other computers or peripheral equipment.  The Receiving Party will not electronically transmit any source code in any way, including, but not limited to, electronic transmission from the Producing Party's facilities or the offices of its outside counsel of record.  This provision does not prevent the parties from including source code information, when necessary, in e-filings to the Court made under seal.  Unless otherwise agreed by the Producing and Receiving Parties, service copies of such e-filings are to be served via secure FTP or Federal Express.

(vii)     The Receiving Party's Outside Counsel of Record and any person receiving a copy of any source code shall maintain and store any paper copies of the source code at their offices in the United States of America in a manner that prevents duplication of or unauthorized access to the source code, including, without limitation, storing the source code in a locked room or cabinet at all times when it is not in use.

(viii)    All paper copies of source code shall be securely destroyed in a timely manner if they are no longer in use (*e.g.*, at the conclusion of a deposition).  Copies of source code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers and the exhibit shall be handled as provided for above in Paragraph 9(d)(iv).  Subject to Paragraph 9(d)(iv), if the deposition exhibit has been marked up or altered in any way by the deponent, the Receiving Party shall store the exhibit in the same way paper copies of the source code are stored.

(ix)     Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party and any persons receiving source code from Receiving Party may not create electronic images, or any other images, or make electronic copies, of the source code from any paper copy of source code for use in any manner (including by way of example only, the Receiving Party and any persons receiving source code from Receiving Party may not scan the source code to a PDF or photograph the

code).  A party may make and use snippets and images of the source code if necessary for court filings, expert reports, discovery responses and other similar documents. All such documents shall be clearly marked "HIGHLY CONFIDENTIAL – SOURCE CODE" and, if filed, shall be filed under seal.  Unless agreed by the parties, images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead).

(x)     After final resolution of the case as to any party producing source code, any Receiving Parties shall within twenty (20) business days certify the return or destruction of any printed or duplicated source code material and all notes or other materials derived therefrom.

(e)     Once source code has been made available for inspection in accordance with Paragraph 9(d)(i) of this Protective Order, the Receiving Party shall provide notice of its inspection five (5) business days prior to the inspection.  The notice shall include the expected dates of the inspection as well as the name, employer(s), and title(s) of each individual who will be conducting the inspection and a copy of each individual's executed "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.  If the individual is an Expert, the notice shall provide the information set forth in paragraph 7.5(a).  The source code shall be available for inspection from 9:00 a.m. to 6:00 p.m. local time, Monday through Friday (excluding national or local holidays), and other days and/or times, subject to the timely request by the Receiving Party, and subject to the Producing Party's availability and good faith efforts to accommodate the requested inspection. The number of days of source code inspection for any Receiving Party shall not exceed seven (7) per Producing Party without good cause.  Should a Receiving Party wish to conduct inspections in excess of seven days, the Receiving Party may request a meet and confer to discuss the need for additional days of inspection.  If no resolution can be reached that permits the Receiving Party to conduct additional days of inspection, the Receiving Party shall be entitled to seek a Court resolution permitting additional inspections.  The Producing Party may maintain a daily log of the names of persons who enter the room to view the source code.  The Producing Party may require that

each individual for the Receiving Party, upon each entry or exit of the source code viewing room by that individual, sign a log, provided by the Producing Party, indicating the name of that individual, whether the individual entered or exited the source code viewing room, and the date and time of such entry or exit.  Except as provided below, the Receiving Party may not take any form of camera, computer, computer storage device, or mobile telephone into the source code viewing room.  An independent Expert of the Receiving Party shall be permitted to bring a laptop computer, which shall have all networking capability disabled, unless otherwise mutually agreed between the Producing Party and the Receiving Party, into the source code viewing room for the purpose of taking notes, so long as no more than 5 lines of code in any 15 contiguous lines of code is copied.  The Producing Party shall be entitled to have a person monitor all entrances and exits from the source code viewing room.  The Producing Party shall also be entitled to visually monitor the Receiving Party's activities in the source code viewing room from outside such room, through a glass wall or window.  The foregoing is not intended to restrict in any way the Producing Party's ability or right to otherwise ensure, for example, that the source code remains secure and the Source Code Computer has not been tampered with, and that the provisions of the Protective Order have not been violated.

## 10.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order

is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 11.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 13.    PRIVILEGE PROTECTIONS

13.1    <u>Privilege Logs</u>.  The parties will adhere to Federal Rule of Civil Procedure 26(b)(5) in their assertion of a privilege or the work product, common interest or joint defense doctrines, and/or any other applicable privilege or immunity, to withhold otherwise relevant documents.  Moreover, each party asserting such a privilege or doctrine shall log the withheld document in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.  Neither party, however, shall be required to log

withheld documents that were created on or after the date of filing of the Original Complaint in this matter. The withheld document log for a given production must be provided within thirty (30) days of request by another party.

13.2 <u>Inadvertent Production Of Privileged Or Otherwise Protected Material.</u> When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties reserve the right to incorporate such agreement in the stipulated protective order submitted to the court.

13.3 <u>Expert Exemptions</u>. The 2010 Amended version of Rule 26(b)(4)(B) and (C) relating to work-product protection of draft expert reports and communications will apply to this case. For the avoidance of doubt, communications with experts, draft expert reports, notes, or outlines of draft expert reports are exempt from discovery.

**14.    MISCELLANEOUS**

14.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.

1   Similarly, no Party waives any right to object on any ground to use in evidence of any of the

2   material covered by this Protective Order.

3          14.3    Filing Protected Material.  Without written permission from the Designating

4   Party or a court order secured after appropriate notice to all interested persons, a Party may not

5   file in the public record in this action any Protected Material.  A Party that seeks to file under

6   seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62.

7   Protected Material may only be filed under seal pursuant to a court order authorizing the

8   sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 and

9   General Order 62, a sealing order will issue only upon a request establishing that the Protected

10  Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection

11  under the law. If a Receiving Party's request to file Protected Material under seal pursuant to

12  Civil Local Rule 79-5(d) and General Order 62 is denied by the court, then the Receiving Party

13  may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless

14  otherwise instructed by the court.

15  **15.    FINAL DISPOSITION**

16         Within 60 days after the final disposition of this action, as defined in paragraph 4, each

17  Receiving Party must return all Protected Material to the Producing Party or destroy such

18  material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts,

19  compilations, summaries, and any other format reproducing or capturing any of the Protected

20  Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must

21  submit a written certification to the Producing Party (and, if not the same person or entity, to

22  the Designating Party) by the 60-day deadline that (1) identifies (by category, where

23  appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the

24  Receiving Party has not retained any copies, abstracts, compilations, summaries or any other

25  format reproducing or capturing any of the Protected Material.   Notwithstanding this

26  provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial,

27  deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial

28  exhibits, expert reports, attorney work product, and consultant and expert work product, even

1   if such materials contain Protected Material.  Any such archival copies that contain or

2   constitute Protected Material remain subject to this Protective Order as set forth in Section 4

3   (DURATION).

4           **IT IS SO STIPULATED.**

5           DATED:  April 19, 2012

6                                                       HAUSFELD LLP

7                                                       By: */s/  Bruce Wecker*

8                                                        Bruce Wecker (SBN 078530)
                                                         bwecker@hausfeldllp.com
9
10                                                       *Attorneys for Plaintiff TriStrata, Inc.*

11                                                      PERKINS COIE LLP

12
                                                        By: */s/  Christina J. McCullough*
13
14                                                       Eric L. Wesenberg (SBN 139696)
                                                         EWesenberg@perkinscoie.com
                                                         Kenneth J. Halpern (SBN 187663)
15                                                       KHalpern@perkinscoie.com
                                                         Christina J. McCullough (SBN 245944)
16                                                       CMcCullough@perkinscoie.com

17                                                      *Attorneys for Defendant Microsoft Corporation*

18
19                                                      FEINBERG DAY ALBERTI & THOMPSON LLP

20                                                      By: */s/  Marc Belloli*

21                                                       Ian N. Feinberg (SBN 88324)
22                                                       ifeinberg@feinday.com
                                                         Yakov Zolotorev (SBN 220625)
23                                                       yzolotore@feinday.com
                                                         Marc Belloli (SBN 244290)
24                                                       mbelloli@feinday.com

25                                                      *Attorneys for Defendant*
26                                                      *Adobe Systems Incorporated*

27

28

1          I, Christina J. McCullough, hereby attest, pursuant to N.D. Cal. General Order No. 45,

2    that the concurrence to the filing of this document has been obtained from each signatory

3    hereto.

4    DATED:  April 19, 2012         PERKINS COIE LLP

5                       By:   */s/ Christina J. McCullough*

6                             Christina J. McCullough

7                  *Attorneys for Defendant Microsoft Corporation*

8

9         IT IS SO ORDERED this __20th__ day of __April_____, 2012.

10

11    Honorable Jeffrey S. White
      United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3      I, _____ [print or type full name], of

4 _____ [print or type full address], declare under

5 penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order

6 that was issued by the United States District Court for the Northern District of California in the

7 case of *TriStrata, Inc. v. Microsoft Corp. et al.*, Civil Case No. C-11-3797 JSW. I agree to

8 comply with and to be bound by all the terms of this Stipulated Protective Order and I understand

9 and acknowledge that failure to so comply could expose me to sanctions and punishment in the

10 nature of contempt. I solemnly promise that I will not disclose in any manner any information or

11 item that is subject to this Stipulated Protective Order to any person or entity except in strict

12 compliance with the provisions of this Order.

13      I further agree to submit to the jurisdiction of the United States District Court for the

14 Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

15 Order, even if such enforcement proceedings occur after termination of this action.

16

17      Date: _____

18      City and State where sworn and signed: _____

19

20      Printed name: _____

21      Signature: _____

22

23

24

25

26

27

28