| | |
|---|---|
| Eric L. Wesenberg, (SBN 139696) <br> EWesenberg@perkinscoie.com <br> Kenneth J. Halpern (SBN 187663) <br> KHalpern@perkinscoie.com <br> Brock S. Weber (SBN 261383) <br> BWeber@perkinscoie.com <br> PERKINS COIE LLP <br> 3150 Porter Drive <br> Palo Alto, CA 94304-1212 <br> Telephone: 650.838.4300 <br> Facsimile: 650.838.4350 <br><br> Attorneys for Defendant <br> MICROSOFT CORPORATION <br><br> *Of Counsel*: <br><br> Stacy Quan (SBN 138191) <br> Stacy.Quan@microsoft.com <br> MICROSOFT CORPORATION <br> Building 8 <br> One Microsoft Way <br> Redmond, WA 98052-6399 <br> Telephone: 425.882.8080 | Ian N. Feinberg (SBN 88324) <br> ifeinberg@feinday.com <br> Yakov Zolotorev (SBN 224260) <br> yzolotorev@feinday.com <br> Marc Belloli (SBN 244290) <br> mbelloli@feinday.com <br> FEINBERG DAY ALBERTI & <br> THOMPSON LLP <br> 401 Florence Street, Suite 200 <br> Palo Alto, CA 94301 <br> Tel: 650.618.4360 <br> Fax: 650.618.4368 <br><br> Attorneys for Defendant ADOBE <br> SYSTEMS INCORPORATED |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TRISTRATA, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, a Washington corporation; and ADOBE SYSTEMS INCORPORATED, a Delaware corporation, <br><br> Defendants. | Case No. CV 11-3797 JSW <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE THE LATE-FILED DECLARATION OF DAVID BERNSTEIN IN SUPPORT OF PLAINTIFF TRISTRATA, INC.'S OPENING CLAIM CONSTRUCTION BRIEF** <br><br> Date: January 18, 2013 <br> Time 9:00 A.M. <br> Place: Courtroom 11 – 19th Floor <br> Judge: Hon. Jeffrey S. White |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on January 18, 2013, at 9:00 a.m., or as soon thereafter as counsel may be heard, Defendants Adobe Systems Inc. ("Adobe") and Microsoft Corporation ("Microsoft") will, through their attorneys of record, move for an order: (1) striking the late-filed "Declaration Of David Bernstein In Support Of Plaintiff TriStrata, Inc.'s Opening Claim Construction Brief" (*see* Dkt. No. 60, hereinafter, the "Bernstein Declaration"); (2) giving the Bernstein Declaration no weight during claim construction; and (3) preventing any testimony by Mr. Bernstein based on his late-filed declaration.   This Motion will be heard in the Courtroom of the Honorable Judge Jeffrey S. White for the United States District Court in the Northern District of California.  The court is located at Courtroom 11 – 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102.

Defendants Adobe and Microsoft respectfully submit this Motion on the grounds that the Bernstein Declaration was served on September 27, 2012 – 45 days after the August 13 deadline imposed by the Court's June 19, 2012 Order (Dkt. No. 52 at 2) and Patent L.R. 4-3(e), and 15 days after the close of claim construction discovery (Dkt. No. 52 at 2).  This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities set forth below, the Declaration of Brock S. Weber submitted herewith, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

Pursuant to Civil Local Rule 37-1, Defendants met and conferred with counsel for Plaintiff on October 5, 2012 to seek compliance with this Court's scheduling Order and the Patent Local Rules by withdrawing the Bernstein Declaration.  The parties were unable to reach agreement.  (*See* Declaration of Brock S. Weber at ¶ 2.)

/ / /

/ / /

/ / /

/ / /

/ / /

**I.      MEMORANDUM OF POINTS AND AUTHORITIES**

      **A.      Introduction**

Adobe and Microsoft respectfully request an order striking from the record the late-filed, second Declaration of David Bernstein in Support of Plaintiff TriStrata, Inc.'s Opening Claim Construction Brief (Dkt. No. 60) ("Bernstein Declaration"). The Bernstein Declaration was filed 45 days after the deadline imposed by the Court's June 19, 2012 Order (Dkt. No. 52 at 2) and Patent L.R. 4-3(e), and 15 days after the close of claim construction discovery (Dkt. No. 52 at 2). Adobe and Microsoft, on the other hand, fully complied with those deadlines by serving expert declarations in support of their claim construction positions on August 13, 2012 (*See* Dkt. Nos. 53-2 and 52-3.) Adobe and Microsoft would be unfairly prejudiced if the Bernstein Declaration were not stricken because Plaintiff unilaterally gave itself 45 extra days to consider Defendants' expert reports before filing its own, and deprived Defendants of the opportunity to depose Plaintiff's expert on the bases for his proposed claim constructions. Plaintiff cannot show good cause for its delay and blatant disregard of the schedule in this case and, therefore, the Bernstein Declaration should be stricken and disregarded for purposes of claim construction.

      **B.      Statement of Facts**

According to the schedule stipulated to by the parties and as ordered by the Court, the parties filed their Joint Claim Construction and Prehearing Statement ("JCCPS") on August 13, 2012 (Dkt. No. 53). Adobe and Microsoft submitted expert reports along with the JCCPS (Dkt. Nos. 53-2 and 53-3), but Plaintiff TriStrata, Inc. did not.

Two days after the August 13th deadline, Plaintiff served a "Supplement" to the JCCPS, which included the first "Declaration of David Bernstein" (Dkt. Nos. 54 and 54-1). Then, 45 days after the August 13th deadline, Plaintiff filed a *second* "Declaration of David Bernstein In Support of Plaintiff TriStrata, Inc.'s Opening Claim Construction Brief" on September 27, 2012 (Dkt. No. 60). This second declaration is the subject of the present Motion.

C.     **Argument**

1.     **The Bernstein Declaration Should be Stricken Because it Was Served Well After the Court's August 13th Deadline**

The Bernstein Declaration should be stricken because it was filed 45 days after the deadline imposed by the Court's June 19, 2012 Order and Patent L.R. 4-3(e). The Court's scheduling Order, which was based on a stipulation between the parties, required the JCCPS to be filed on August 13, 2012. (Dkt. No. 52 at 2.) Concurrently with the JCCPS, Patent Local Rule 4-3(e) requires the parties to submit any expert opinions that it will rely on for claim construction. Specifically, the JCCPS must contain the following information: "[w]hether any party proposes to call one or more witnesses at the Claim Construction Hearing, the identity of each such witness, and for each witness, a summary of his or her testimony including, <u>for any expert, each opinion to be offered related to claim construction</u>." Patent L.R. 4-3(e) (emphasis added).

Here, TriStrata did not serve "each opinion to be offered related to [its] claim construction[s]" until well after the deadline to do so. Plaintiff's first "supplemental" expert declaration was not served until August 15th. ("Declaration of David Bernstein," Dkt. No. 54-1.) However, this first expert declaration failed to specifically address the parties' competing claim constructions, and was largely incoherent and irrelevant. (*See id*.) The Bernstein Declaration at issue in this Motion was not filed until 45 days after the August 13th deadline, on September 27, 2012. (Dkt. No. 60.) The Bernstein Declaration is a complete re-write and, for the first time, attempts to address the parties competing claim constructions. (*See id*.)

TriStrata may attempt to argue that it failed to file its expert reports on claim construction on time because it mistakenly thought that "Defendants proposed complying with the Local Patent Rules by providing [expert opinions] in connection with claim construction briefing." (*See* JCCPS, Dkt. No. 53 at 7.) However, Defendants never agreed to change the schedule imposed by the Patent Local Rules and the Court's June 19th scheduling Order. (*See id*.) Regardless, TriStrata's apparent misunderstanding of the case schedule could only explain its first late-filed expert report. TriStrata has no excuse for its decision to file a completely new expert report with

-3-  DEFENDANTS' NOTICE OF MOTION AND MOTION
TO STRIKE BERNSTEIN DECLARATION
CASE NO. CV 11-3797 JSW

its opening claim construction brief 45 days after the deadline to disclose expert opinions. Therefore, the Bernstein Declaration, filed on September 27th (Dkt. No. 60), should be stricken and given no weight during the upcoming claim construction proceedings.

### 2. The Bernstein Declaration Was Served 15 days After Claim Construction Discovery Closed and Defendants Will Suffer Unfair Prejudice if it is Not Stricken

The Bernstein Declaration was served 15 days after the September 12th deadline for claim construction discovery, set by the Court's June 19th scheduling Order, and should therefore be stricken. (Dkt. No. 52 at 2.) By the September 12th deadline, Patent Local Rule 4-4 requires the parties to "complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, including experts, identified in the Preliminary Claim Construction statement (Patent L.R. 4-2) or Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3)." Defendants made a calculated decision not to depose TriStrata's expert, David Bernstein, based on his first "supplemental" declaration because it was incoherent and irrelevant. Adobe and Microsoft are now unable to depose Mr. Bernstein based on the Bernstein Declaration at issue here because claim construction discovery has closed.

Further, Plaintiff cannot show good cause for its significant delay in disclosing the expert opinions upon which it intends to rely for claim construction. The rules are clear and the Defendants complied with them fully. On the other hand, Plaintiff has now given itself the opportunity to analyze Defendants' expert reports and 45 extra days to respond with its own, late-filed expert report. The resulting unfair prejudice to Adobe and Microsoft cannot be cured except by striking the Bernstein Declaration and giving it no weight during claim construction.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## II. CONCLUSION

For the foregoing reasons, Defendants Adobe and Microsoft respectfully request that the Court strike the late-filed "Declaration of David Bernstein In Support Of Plaintiff TriStrata, Inc.'s Opening Claim Construction Brief" (Dkt. No. 60) and disregard it during claim construction.

Dated:  October 10, 2012                                  Respectfully submitted,


*/s/ Eric L. Wesenberg*
Eric L. Wesenberg, (SBN 139696)
EWesenberg@perkinscoie.com
PERKINS COIE LLP

Attorneys for Defendant
MICROSOFT CORPORATION

Dated:  October 10, 2012

*/s/ Ian N. Feinberg*
Ian N. Feinberg (SBN 88324)
ifeinberg@feinday.com
FEINBERG DAY ALBERTI
& THOMPSON LLP

Attorneys for Defendant
ADOBE SYSTEMS INCORPORATED

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Civil L.R. 5-1(h)(1) on October 10, 2012.  Any other counsel of record will be served via facsimile or electronic mail pursuant to Civil L.R. 5-1(h)(2).

*/s/ Anna Freddie*
Anna Freddie